IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF INSURANCE COMPANY,<br><br>and<br><br>THE MOUNTBATTEN SURETY CO.,<br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. 02-1228C<br>(Judge Wheeler) |

STIPULATION FOR ENTRY OF JUDGMENT
IN FAVOR OF PLAINTIFF GULF INSURANCE COMPANY

To settle the claims asserted in the complaint filed by Gulf Insurance Company and to permit the entry of final judgment upon those claims, without constituting an admission of liability on the part of defendant or the plaintiff, Gulf Insurance Company (Gulf), it is stipulated and agreed between Gulf Insurance Company and the United States:

1. On February 18, 1998, the United States Army Corp of Engineers, St. Louis District (COE or Government), entered into Contract No. DACW43-98-C-0407 (the contract) with Womack Brothers (Womack) for a construction project designated as the Shower Replacement Building, North Sandusky Access, Area, Rend Lake, Big Muddy River, in Franklin County, Illinois (the Project).

2. On March 12, 1998, Gulf, as surety for Womack, executed and provided a performance bond in the amount of $180,000 (Performance Bond) and a payment bond in the amount of $90,000 (Payment Bond) in connection with and as required under the contract and the Miller Act, 40 U.S.C. § 270 et seq.

3. Notice to proceed on the contract was issued to and acknowledged by Womack on April 1, 1998.

4. On February 10, 1999, the Government received a letter from Gulf, advising that Gulf had received formal notice of claim from one of Womack's suppliers on the Project.

5. Gulf, pursuant to its payment bond requested that no further payments be released to or for the benefit of Womack, without the prior consent of Gulf.

6. On March 22, 1999, Womack's work under the contract was substantially completed and accepted by the Government.

7. After March 22, 1999, the Government made four (4) payments to Womack totaling $56,937.38.

8. Subsequent to Gulf's February 10, 1999 letter to the Government, Gulf made payments in excess of $56,937.38 in connection with unsatisfied claims of Womack's subcontractors and suppliers for the Project. The payments made by Gulf to Womack's subcontractors and suppliers for the Project were made pursuant to the Payment Bond provided for the Project.

9. On or about March 21, 2003, Gulf filed suit in this Court, claiming that the $56,937.38 paid to Womack was improper and that Gulf was equitably subrogated to the contract rights of Womack. That case was docketed 03-626C. Subsequently, docket number 03-626C was consolidated with <u>Mountbatten Surety Company v. United States</u>, docket number 02-1228C.

10. Gulf and the United States subsequently entered into

negotiations designed to resolve all of Gulf’s claims arising from the payment bond issued on the contract.

11. Gulf, through its attorney of record, has offered to settle all of the claims contained in its complaint in exchange for payment by the United States to The Travelers Indemnity Company, successor in interest by merger to Gulf Insurance Company ("Travelers"), in the amount of $56,937.38, inclusive of interest, to be paid into Traveler's account under the name "Travelers Casualty & Surety Company of America." Each party to bear its own costs, attorney fees and expenses.

12. Gulf’s offer has been accepted on behalf of the Attorney General.

13. The United States consents to entry of judgment against the United States in favor of plaintiff Gulf as set out in paragraph 11.

14. Upon satisfaction of the terms set forth in paragraph 11, Gulf releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the complaint Gulf filed and which was originally docketed under number 03-626C and which was subsequently consolidated into docket number 02-1228C, regardless of whether the claims were expressly identified in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

15. This stipulation is in no way related to or concerned with income or other taxes for which Gulf is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

16. Except for any legal proceeding by Gulf seeking indemnification from Womack and/or any other indemnitor(s) except the United States for losses incurred on the contract and not recovered from the United States as a result of this stipulation, Gulf warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Gulf further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Gulf, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

17. This stipulation is for the purposes of settling plaintiff Gulf’s complaint in this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise

referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

18. This stipulation neither addresses nor precludes the debarment or suspension rights of any Federal agency.

19. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Gulf.

20. This document constitutes a complete integration of the stipulation between Gulf and the United States and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Robert G. Barbour
ROBERT G. BARBOUR
Watt, Tieder & Hoffar
7929 West Park Drive,
Ste 400
McLean, VA 22102
Tele: 703-749-1000
Fax: 703-893-8029

Attorney for Plaintiff
January 30, 2008

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Ronald G. Morgan
RONALD G. MORGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-307-0367
Fax: 202-514-7969
Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on January 30, 2008, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ Ronald G. Morgan