IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF INSURANCE COMPANY, | ) | |
| and | ) | |
| THE MOUNTBATTEN SURETY CO., | ) | No. 02-1228C<br>(Judge Wheeler) |
| Plaintiffs, | ) | |
| v. | ) | |
| UNITED STATES, | ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT
IN FAVOR OF PLAINTIFF MOUNTBATTEN SURETY COMPANY

To settle the claims asserted in the complaint filed by Mountbatten Surety Company (Mountbatten) and to permit the entry of final judgment upon those claims, without constituting an admission of liability on the part of any party, Plaintiff, The Mountbatten Surety Company (Mountbatten), and Defendant, United States of America (United States), hereby stipulate and agree as follows:

1. On or about September 17, 1996, the United States Department of the Air Force (Air Force) awarded Contract No. F49642-96-C0032 (the Contract) to Pinnix Design, Inc. (Pinnix), for the construction and repair of the Silver Wings Studio at Bolling Air Force Base (the Project).

2. On or about September 19, 1996, plaintiff, Mountbatten, executed a performance bond in the amount of $840,717 and a payment bond in the amount of $420,359 in connection with the Contract.

3. Pinnix completed its work on the contract on or about March 2, 1999.

4. By letters dated September 10, 1999, and June 6, 2001, Mountbatten notified the Air Force that it had received claims from Pinnix's subcontractors and demanded that the Air Force make no further payments to Pinnix.

5. Mountbatten, pursuant to its payment bond, satisfied each of the claims it received from Pinnix's subcontractors, for a total payment of $178,288.78.

6. Despite the earlier notice, on or about September 22, 2001, the Air Force paid Pinnix $230,000 in settlement of a request for equitable adjustment.

7. Pinnix did not pay its subcontractors or suppliers with the funds it received in settlement of its request for equitable adjustment.

8. On September 20, 2002, Mountbatten filed suit against the United States in this Court, claiming damages of $140,590.91, as the amount Mountbatten contends the Air Force incorrectly paid to Pinnix after notice of Pinnix's default on its payment bond, and further claiming that Mountbatten was equitably subrogated to the contract rights of Pinnix.

9. Mountbatten and the United States subsequently entered into negotiations designed to resolve all of Mountbatten's claims arising from the payment bond issued on the Contract.

10. Mountbatten, through its attorney of record, has offered to settle all of the claims contained in its complaint in exchange for payment by the United States to Zurich American Insurance Company, Mountbatten’s successor in interest, in the amount of $108,000, inclusive of all interest, with each party to bear its own costs, fees and expenses.

11. Mountbatten’s offer has been accepted on behalf of the Attorney General of the United States.

12. The United States consents to entry of judgment against the United States in favor of Mountbatten as set out in Paragraph 10 above.

13. Upon satisfaction of the terms set forth in Paragraph 10, Mountbatten releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the complaint Mountbatten filed and which was docketed under 02-1228C, regardless of whether the claims were expressly identified in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

14. This stipulation is in no way related to or concerned with any income or other taxes for which Mountbatten is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

15. Mountbatten warrants and represents that no other action or suit with respect to the claims advanced in its

complaint and contained in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Mountbatten further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in its complaint and docketed under 02-1228C. Should there be now or in the future any breach of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Mountbatten, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date of the breach.

16. This stipulation is for the purposes of settling Mountbatten’s claims in this case and permitting entry of final judgment in favor of Mountbatten, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

17. This stipulation neither addresses nor precludes the debarment or suspension rights of any Federal agency.

18. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Mountbatten.

19. This document constitutes a complete integration of the stipulation between Mountbatten and the United States and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Eric R. Stanco
ERIC R. STANCO
Stanco & Associates
126 C Street, NW
Washington, DC 20001
Tele: 202-331-8822
Fax: 202-331-9705

s/ Ronald G. Morgan
RONALD G. MORGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-0367
Fax: 202-514-7969

Attorney for Plaintiff

Attorneys for Defendant

February 15, 2008

CERTIFICATE OF FILING

I hereby certify that on February 15th, 2008, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ Ronald G. Morgan

Eric R. Stanco, Esquire
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001